**Rodolfo MORENO, Petitioner–Appellant,**

**v.**

**Robert HOOD, Warden, Respondent–Appellee.**

**No. 00–35575.**
**D.C. No. CV–99–01605–TMC.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided June 1, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Federal prisoner Rodolfo Moreno appeals pro se the district court's dismissal of his petition for habeas corpus pursuant to 28 U .S.C. § 2241, challenging the collection of payments towards his fine and the interest applied to his fine balance. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal of a habeas petition pursuant to 28 U.S.C. § 2241, and we affirm.

Moreno contends that the Federal Bureau of Prisons ("BOP") is violating his constitutional rights by deducting non-institutional funds from his prison account towards the payment of his $3,500 fine through the Inmate Financial Responsibility Program ("IFRP"). This contention lacks merit.

The Judgment and Commitment order requires Moreno to pay the fine out of funds earned during incarceration and under the IFRP. Because the IFRP states that "[p]ayments may be made from institution resources or non-institution (community) resources," the BOP is permitted to collect payments from non-wage funds in Moreno's account. 28 C.F.R. § 545.11(b).

Moreno also contends that his constitutional rights are being violated because interest is being charged to his fine despite the fact that the Judgment and Commitment order contained no such provision. This contention also lacks merit.

18 U.S.C. § 3612(f)(1) states "[t]he defendant shall pay interest on any fine or restitution of more than $2,500," unless the district court or the Attorney General chooses to waive it. 18 U .S.C. § 3612(f)(1). Because Moreno's fine totaled $3,500 and the neither the district court nor the Attorney General has waived the fine, the charge of interest to his fine is proper under the sentencing court's order. *Id.*

The district court thus properly dismissed Moreno's habeas petition.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.